# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HILARIO VELASQUEZ, and SARAH GARRETT,<br><br>                **Plaintiffs,**<br><br>    vs.<br><br>SGT. JOHN PEDEN, in his individual and official capacities; CITY OF COZAD, a Nebraska political subdivision; and DOES 1 - 5, in their individual and official capacities;<br><br>                **Defendants.** | **7:20CV5007**<br><br>**THIRD AMENDED<br>CASE PROGRESSION ORDER** |

    This matter is before the Court on the Unopposed Motion to Extend Case Progression Deadlines (Filing No. 49). After a review of the motion and for good cause shown,

    **IT IS ORDERED** that the Unopposed Motion to Extend Case Progression Deadlines (Filing No. 49) is granted, and the second amended case progression order is amended as follows:

1) A status conference to discuss case progression and the parties' interest in settlement remains scheduled with the undersigned magistrate judge on **October 1, 2021,** at **11:30 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

2) The deadlines for identifying expert witnesses and completing expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)) are:

        For defendants:         **October 4, 2021**
        Plaintiff's Rebuttal:     **October 11, 2021**

3) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is **October 18, 2021**.

4) The deadline for filing motions to resolve qualified immunity is **November 1, 2021.**

5) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **November 18, 2021**.

6) The deadline for filing motions to dismiss and motions for summary judgment not related to qualified immunity remains **December 23, 2021**.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

7)     The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

8)     All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 7th day of September, 2021.

                                         BY THE COURT:

                                         s/Michael D. Nelson
                                         United States Magistrate Judge